IKUTA, J.,
dissenting.
Although the ALJ made two factual errors in stating his reasons for discrediting the testimony of Kennedy and Dr. Bothamley (one of his treating physicians), our analysis cannot stop there; we must still determine “whether the ALJ’s decision remains legally valid, despite such error.” Carmickle v. Comm’r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir.2008); see also Batson v. Comm’r, Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir.2004). In this case, the ALJ’s errors were harmless. The ALJ identified specific, cogent facts supporting its credibility decision, such as the disparity between Kennedy’s statements and his medical records. Moreover, the ALJ’s reasons for rejecting Dr. Bothamley’s disability conclusion were specific, legitimate, and supported by substantial evidence, including the ALJ’s determination that Dr. Bothamley’s treatment notes were inconsistent with his written statement regarding Kennedy’s level of disability. Because the ALJ’s reasoning, other than the narrow misstatements about Kennedy’s ibuprofen use and lumbar-spine degeneration, were adequately supported by substantial evidence in the record, “the ALJ’s error ... was inconsequential to the ultimate nondisability determination.” Carmickle, 533 F.3d at 1162 (quoting Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir.2006)). Because the errors identified by the majority were harmless, I would affirm the order of the district court.